UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg (Charlottesville) Division

_____

| | |
|---|---|
| IN RE:  JENNIFER WHITE | Chapter 13 |
| Debtor | Case No. 23-60191-RBC-13 |

_____

JENNIFER WHITE,
       Plaintiff

v.                                                              AP No. 23-060

NEWREZ LLC,
Dba Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville SC  29603;
c/o Baron Silverstein, CEO
1100 Virginia Drive, Suite 125
Fort Washington PA  19034;
c/o CSC, registered agent
100 Shockoe Slip, 2md Floor
Richmond VA  23219
        Defendant

_____

## **COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING**

Introduction

1. This is an action for actual and punitive damages filed by the Debtor pursuant to Section 362 of the Bankruptcy Code, violations of the Confirmation Order and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto.

Jurisdiction and Venue

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtor in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

4. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

5.     Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

Facts

6.     The Plaintiff in this case is a debtor under Chapter 13 of Title 11 of the United States Code and filed her petition on February 17, 2023.

7.     On February 19, 2023, the Bankruptcy Noticing Center notified the Defendants of Plaintiff's bankruptcy case. This notice included the date and time of the Meeting of Creditors on March 29, 2023, the date and time of the Confirmation Hearing on April 27, 2023 and the deadline to file a proof of claim of April 28, 2023.

8.     Upon information and belief, Defendant NewRez LLC (hereinafter Defendant) is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business for bankruptcy matters located at P.O. Box 10826, Greenville SC 29603.

9.     The Court in this case caused a written notice of the filing, of the automatic stay, and of the 341 meeting of creditors to be mailed to all parties on the master mailing matrix by first class mail and that such notice was in fact received by Defendant.

10.     The Debtor alleges upon information and belief that the notice mailed by the Court included the following warning to all creditors: "The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees…. Confirmation of a Chapter 13 plan may result in a discharge…. To protect your rights, consult an attorney."

11.     The Debtor avers that all of these documents were served on the Defendant and received by the Defendant, including the Debtor's Chapter 13 Plan and other documents filed in this case.

12.     In the Debtor's Chapter 13 Plan, the Debtor by counsel had proposed to treat Defendant by paying her future monthly installments directly herself and paying her mortgage arrearages through part 3 of her Plan by the Chapter 13 Trustee.

13.     The 341(a) Meeting of Creditors was held in Charlottesville, Virginia on March 29, 2023. No representative for Defendant appeared to participate.

14.     Defendant did not file an objection to confirmation of the Debtor's Plan. Defendant did file a proof of claim in this case on April 17, 2023 requesting that notices to the creditor be sent to P.O. Box 10826, Greenville SC 29603. The proof of claim was filed by Christopher Giacinto on behalf of Padgett Law Group.

15. No objection to confirmation of the Debtor's Plan was filed, and the Order Confirming Plan was entered by the Court on April 25, 2023.

16. On May 2, 2023, strong winds caused a tree to fall on Debtor's house, damaging her roof. She spoke with her State Farm agent, Walt Harris, about the process for getting insurance to cover the damage. She then employed Sermat Construction Services to provide the estimate for the repairs and to make the repairs. Sermat adjustor Ryan Haskell provided the estimate report saying the repairs would cost $9295.83. State Farm then cut a check in that amount and made it payable to both Debtor and Shellpoint Mortgage Servicing.

17. Debtor spoke with a Shellpoint representative to find out what Shellpoint would need to process the check and endorse it back to her so that she could pay Sermat for the work. Shellpoint sent Debtor a letter dated May 4, 2023 detailing what they would need. Pursuant to that letter, on May 8, 2023, Debtor mailed to Shellpoint the check from State Farm that she had endorsed, the adjuster's report, the signed contractor's proposal, the Shellpoint loss draft claim form and the contractor's signed W9. Upon information and belief, this package was received by Shellpoint on May 10, 2023.

18. On May 10, 2023, Debtor called Shellpoint and spoke with Walter in the loss draft department. He said they had received the check but did not see the adjustor's report, so Debtor re-sent that report. He told her there would be an approximate six day turnaround for them to sign the check and return it to her.

19. On May 15, 2023, Debtor called Shellpoint and spoke to Charles in customer service, and he told her they would not accept without an email from her State Farm agent, so Debtor asked Walt Harris to send Shellpoint an email. Debtor then called back to make sure they received the email from Mr. Harris and spoke to Oliva in customer service who said they had received it, and it should take about seven days to process. Oliva then called Debtor back and informed Debtor that they would not return the insurance funds to her because she was delinquent in her mortgage payments and that the proceeds would be placed in escrow. Debtor informed Oliva that she was in a Chapter 13 bankruptcy and the prefiling arrearages were being paid through her plan. Oliva said she would have to talk to management about that and get back to her. Debtor then mailed a letter to Shellpoint asking to be contacted by someone in management.

20. On May 16, 2023, Debtor spoke with a supervisor named Charles Ellis in the loss draft department who again confirmed that they would not release the funds. On May 17, 2023, Debtor called the Shellpoint bankruptcy department and was informed that she would have to deal with the loss draft department. She then emailed her bankruptcy attorney's office to see what they could do to help.

21. On May 16 and 17, 2023, Cam Rodenberger emailed her contact at the Padgett Law Group, Olivia Pierce, and informed her about the issue concerning the insurance check, however no email was returned.

22. On May 18, 2023, counsel for Debtor called the number on the proof of claim for the Padgett Law Group. He was placed on hold for approximately fifteen minutes. When the receptionist came back on the line, he asked to speak with Christopher Giacinto. The

3

receptionist said he was unavailable. Counsel then asked for his email address, however the receptionist would not provide that email address. She instead suggested that we contact Olivia Pierce's supervisor, Mary Vitartis.

23. On May 24, 2023, Cam Rodenberger emailed back and forth several times with Mary Vitartis. Ms. Rodenberger re-sent the entire package of what Debtor had sent to Shellpoint. Ms. Vitartis wrote that she would escalate the issue with Shellpoint so that the insurance funds would be sent to the debtor. Ms. Vitartis has provided no further updates since May 24, 2023 despite three subsequent emails from Ms. Rodenberger sent May 25, 26 and 31, 2023. In addition, Debtor has heard no further updates from Shellpoint Mortgage Servicing.

24. Sermat Construction completed the repairs to the roof on or about May 24, 2023 and has demanded payment from Debtor.

25. The actions of Defendant in refusing to turn over the insurance proceeds to Debtor because of her pre-petition arrearages is essentially a demand for payment and constitutes a gross violation of the automatic stay as set forth in 11 U.S.C. Section 362(a)(3) and (6) and of the Confirmation Order, which provides that the pre-petition arrearages would be paid by the Trustee through the Plan.

26. As a result of the above violations of 11 U.S.C. Section 362 and the Confirmation Order, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

WHEREFORE, the Plaintiff, having set forth her claims for relief against the Defendant, respectfully prays of the Court as follows:

A. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

C. That the Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by her attorney; and

D. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: June 5, 2023.

 /s/ Robert Stevens
Robert Stevens, Esquire
501 Grove Avenue
Charlottesville VA  22902
Phone:  (434) 973-5012
Counsel for Plaintiff